IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW T. MABE,
et al.,

                Plaintiffs,

v.                                              Case No.  08-2413-CM-GLR

DONALD H. BELL, SR.,
et al.,

                Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for Expedited Forensic Computer Imaging Pursuant to Federal Rules of Civil Procedure 34 and 45 (doc. 8).  Plaintiffs request that the Court issue an order to permit expedited forensic imaging of certain computers, hard-drives, electronic backups, removable storage units, and media accessed by Defendant Donald H. Bell and third parties Faith Bell, Frank Bell, and Donald H. Bell, Jr. for the purpose of preserving evidence.  Plaintiffs further request an order that the Bells and Defendant Brittany Savings Corporation not destroy, discard, alter or delete any such computers or computer-related information prior to such forensic imaging.  Defendants oppose the motion on grounds the proposed discovery is not relevant to any claim asserted in the complaint and for lack of any showing of good cause for expedited discovery before the conference required by Fed. R. Civ. P. 26(f).  For the following reasons, the Court overrules the motion.

**I.     Background**

Plaintiffs filed their Complaint September 9, 2008.  It alleges, among other things, that Defendants committed fraud in the sale of certain securities.  The media in and around the Kansas City metropolitan area extensively covered the filing of the case.  The Kansas City Star published

and posted a story on its website on the date of filing. The online edition of the Kansas City Star permitted readers to post comments on the website about the article. A number of anonymous comments about the Plaintiffs, unrelated to the lawsuit, were posted on the website. One such comment stated that Plaintiff Paul Mabe was currently under investigation for insurance fraud in connection with his dental practice.

About one month later, and well before Defendants filed their Joint and Separate Answers on October 30, 2008, Plaintiffs served a Request for Inspection on Defendants Donald H. Bell, Sr. and Brittany Savings Corporation. It asked them to produce the following:

> Any and all computers or information storage devices, including but not limited to desktop or laptop computers: (a) owned by you, (b) within your possession, custody and/or control, and/or (c) used by you between September 9, 2008 through September 14, 2008. This inspection request includes the right to have said computers or devices examined by a computer forensics expert and the retrieval of any and all current or formerly existing files e-mail, databases, etc., contained on the subject computers or other devices.

Plaintiffs also issued three subpoenas duces tecum, dated October 8, 2008, on three non-party family members of Defendant Bell. The subpoenas commanded the production and inspection of their computers.

In conjunction with these requests for inspection and subpoenas duces tecum, Plaintiffs filed the instant motion on October 9, 2008. The motion seeks an order for immediate forensic imaging of certain computers, as sought by their Request for Inspection and by the subpoenas duces tecum.

## II.     Relevance of Discovery Sought

Defendants contend that Plaintiffs' discovery request is facially irrelevant, because the Complaint contains no allegations of defamation whatsoever. The identities of individuals who allegedly posted comments on the website about Plaintiff Mabe's dental practice have no bearing

on the claims asserted by Plaintiffs, i.e., whether they were defrauded by Defendants in their purchase of securities in 2003 and 2004. They argue that this motion is a fishing expedition in hopes of uncovering a new claim of defamation to assert against Defendants.

Plaintiffs argue that a determination of relevancy is not limited to matters stated in the pleadings and that doubts about relevance should be resolved in favor of discovery. Plaintiffs assert that it will be difficult to determine the identity of the person or persons responsible for the offending comments without the discovery requested in their motion. They are concerned that key evidence will be destroyed or altered either automatically or purposely.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." Relevance is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[1] Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[2]

In this case Plaintiffs have not shown that the requested discovery is relevant to the *claim* or *defense* of any party. Federal Rule of Civil Procedure 26(b) does not authorize discovery on prospective claims that have not been pled and are unrelated to those asserted in the pleadings. In this case the Complaint asserts three claims for relief: (1) fraud in connection with the sale of securities; (2) violations of Section 12(2) of the Exchange Act; and (3) fraud. The instant motion

---

[1] *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005) (citing *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)).

[2] *Cardenas*, 232 F.R.D. at 382 (citations omitted).

seeks to discover the identity of an anonymous blogger who posted allegedly defamatory comments about Plaintiff Mabe on the website of The Kansas City Star. Plaintiffs do not dispute that the discovery they here seek is unrelated to their lawsuit.

### III.     Request for Expedited Discovery

Having found that the requested discovery is not relevant to any asserted claim or defense, the Court need not address whether good cause exists for expedited discovery. It finds the issue moot.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Expedited Forensic Computer Imaging Pursuant to Federal Rules of Civil Procedure 34 and 45 (doc. 8) is overruled, as set forth herein.

Dated this 13th day of November, 2008, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
GERALD L. RUSHFELT
UNITED STATES MAGISTRATE JUDGE
