IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW T. MABE,
et al.,

                Plaintiffs,

v.                                            Case No.  08-2413-CM-GLR

DONALD H. BELL, SR.,
et al.,

                Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint (doc. 19).  Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs seek leave to add a claim under Kansas law for defamation against defendant Donald H. Bell, Sr.  Their proposed First Amended Complaint would also join Faith Bell, Frank Bell, and Donald H. Bell, Jr. as defendants to the defamation claim, pursuant to Fed. R. Civ. P. 20(a).  On March 17, 2009, the Court entertained oral arguments to address the issue it raised *sua sponte* to determine if it would have jurisdiction over the subject matter of the proposed defamation claims.  It then took the motion under advisement and is now ready to rule.

**I.      Background**

Plaintiffs have initially brought this action for damages against Defendants Donald H. Bell, Sr. and Brittany Savings Corporation ("original Defendants") for alleged fraud in the sale of certain securities.  Plaintiffs plead jurisdiction, pursuant to Section 27 of the Securities Exchange Act of 1934.[1]  The original complaint asserts three claims for relief against the original Defendants:

---

[1] 15 U.S.C. § 78aa.

1. Fraud in Connection with Sale of Securities (Violations of Section 10(b) of Exchange Act);

2. Civil Liabilities in Connection with Communications (Violations of Section 12(2) of the Exchange Act); and

3. Fraud.

On or about September 9, 2008, an article regarding this lawsuit appeared upon the website of the Kansas City Star newspaper. The online edition permitted readers to post comments about the lawsuit on the same webpage as it posted the September 9th article. Shortly thereafter a number of anonymous comments specifically about Plaintiff Paul Mabe appeared on the website, but were unrelated to the lawsuit. One anonymous poster stated that Paul Mabe was under investigation for insurance fraud in connection with his dental practice. The offending posts were later deleted. They are no longer accessible on the Kansas City Star's website.

Plaintiffs now seek leave to add a state law claim for defamation against existing defendant Donald Bell, Sr., and other members of the Bell family for the allegedly false and defamatory statements posted on the Kansas City Star website. Specifically the proposed First Amended Complaint alleges that "members of the Bell Family falsely stated that Plaintiff Paul Mabe was under investigation for insurance fraud in connection with his dental practice."[2]

## II. Standard for Ruling on Motions to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the court should "freely give leave" to allow an amended pleading when justice so requires.[3] The Supreme Court has emphasized that

---

[2] Proposed First Am. Compl. ¶ 103 (doc. 19-2).

[3] Fed. R. Civ. P. 15(a)(2).

this mandate be heeded.[4]  Generally, the court will deny leave to amend upon a showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, or (5) futility of the amendment.[5]  In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[6]

A court may deny a motion to amend as futile "if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[7]  Consequently, the court must analyze a proposed amendment as if it were before the court upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[8]  Dismissal of a claim under Rule 12(b)(6) is only appropriate when it appears beyond a reasonable doubt that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle it to relief.[9]

### III. Whether the Court has subject matter jurisdiction over the proposed defamation claims

The First Amended Complaint alleges that plaintiffs and defendants all reside in Kansas. Diversity of citizenship does not exist.  Plaintiffs ask the Court to exercise supplemental jurisdiction

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[6] *Collins v. Wal-Mart, Inc.,* 245 F.R.D. 503, 507 (D. Kan. 2007).

[7] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930, at *5 (Dec. 27, 2007) (quoting *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003)).

[8] *Id.* (quotations and citations omitted).

[9] *Id.* (citing *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).

over the proposed defamation claims, pursuant to 28 U.S.C. § 1367(a). The proposed pleading itself contains no allegation of supplemental jurisdiction.

Supplemental jurisdiction is governed by 28 U.S.C. § 1367. Subsection (a) provides that:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.[10]

Even before the current provisions of 28 U.S.C. § 1367(a) were codified, the United States Supreme Court addressed the circumstances under which the state and federal claims formed part of the same case or controversy.[11] The Court explained that the state and federal claims "must derive from a common nucleus of operative fact."[12] Expanding on this, the Court indicated that if a plaintiff's claims "are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in the federal courts to hear the whole."[13]

In *Fisher v. Lynch*,[14] Judge Vratil exercised supplemental jurisdiction over a defamation claim where the plaintiff alleged that the defamation occurred within the context of the child custody dispute at issue in the case. The Court found the plaintiff's defamation claim to be intertwined with

---

[10]28 U.S.C. § 1367(a).

[11]*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

[12]*Id.*

[13]*Id.*

[14]531 F. Supp. 2d 1253, 1271 (D. Kan. 2008).

4

the conduct of other defendants underlying his Section 1983 claim, and thus the two claims shared a sufficient set of operative facts under 28 U.S.C. § 1367(a) such that the court may exercise supplemental jurisdiction over the defamation claim.[15]

In *White v. The Graceland College Center for Professional Development & Lifelong Learning, Inc.*,[16] Judge Murguia exercised supplemental jurisdiction over state law wrongful discharge and civil conspiracy claims asserted in connection with federal claims under the Family and Medical Leave Act ("FMLA"). The court found that the state law claims shared "identical facts" with the FMLA claims, and thus supplemental jurisdiction existed over the state law claims.[17]

In the instant case, however, the Court finds that the proposed defamation claims do not derive from a common nucleus of operative facts and that Plaintiffs would not ordinarily be expected to try them all in one judicial proceeding. The proposed defamation claims bear no adequate relationship to the fraud claims to qualify them as part of the same case or controversy over which the court has original jurisdiction, as required by 28 U.S.C. § 1367(a). They involve an entirely different set of operative facts, occurring well after the events giving rise to the fraud claims. The Court would have to speculate even to say that the fraud claims have any connection with the alleged defamation. Unlike *Fisher*, the Court finds that the defamation alleged by Plaintiffs is not intertwined with the conduct giving rise to the securities fraud claims. And unlike the *White* case, the defamation claims here do not share any identical facts with the fraud claims. Plaintiffs would here allege for defamation that members of the Bell Family falsely stated that Plaintiff Paul Mabe

---

[15]*Id.*

[16]No. 07-2319-CM, 2008 WL 191422, at *1-2 (D. Kan. Jan. 22, 2008).

[17]*Id.* at *2.

was under investigation for insurance fraud in connection with his dental practice. But that allegation has nothing whatsoever to do with the securities fraud Plaintiffs alleged against the original Defendants.

Plaintiffs have failed to persuade the Court that the alleged defamation is so related to the fraud claims as to form part of the same case or controversy. The substance of the alleged defamatory statements does not have a logical connection to the securities fraud claims. That they may result from ongoing animosity between the Bell and Mabe families does not create a sufficient rationale to find they form part of the same case or controversy.

As Plaintiffs' proposed defamation claims are not sufficiently related to the existing fraud claims so as to be part of the same case or controversy over which the court has original jurisdiction, as required by 28 U.S.C. § 1367(a), the Court finds that it would be futile to allow Plaintiffs to amend their complaint to assert these claims.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Leave to File Amended Complaint (doc. 19) is denied, as set forth herein.

Dated this 2nd day of April, 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
GERALD L. RUSHFELT
UNITED STATES MAGISTRATE JUDGE